UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER CHARLES GNEHM,

        Plaintiff,

v.

VICKIE I. CHURCHILL, GREGORY M. BANKS, DON MASON,

        Defendants.

CASE NO. 2:18-cv-00925-BAT

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants Vickie Churchill, Gregory Banks, and Don Mason move for summary judgment dismissal of the claims of Peter Gnehm on the grounds that the claims are barred by the statute of limitations. Dkt. 25. In his 42 U.S.C. § 1983 complaint filed in June of 2018, Mr. Gnehm alleges that Defendants used their positions within the Island County government and court system to deprive him of his constitutional rights in several civil and criminal actions in which Mr. Gnehm was a party. Dkt. 4. Vickie Churchill is an elected superior court judge; Gregory Banks is the County's elected Prosecuting Attorney; and Don Mason is the County Administrator who oversees the County's public defense program.

Mr. Gnehm alleges that the conduct supporting his claims occurred between 1997 and 2008. Dkt. 4-2, p. 6. Mr. Gnehm does not contest that his claims against Defendants are § 1983

claims or that his claims are subject to Washington's three year statute of limitations for personal injury torts. Dkt. 27, p. 1; Dkt. 28, p. 1.

The Court finds that Mr. Gnehm brought his § 1983 claims seven years after the limitations period expired and therefore, his claims are barred by the statute of limitations.

## RELEVANT FACTS

In March 1997, Caroline Morse filed a petition for dissolution of her marriage with Peter Gnehm in Island County Superior Court. Dkt. 26, Fobes Decl., Ex. A. The court entered a decree of dissolution in July 1997. *Id.*, Fobes Decl., Ex. B.

On November 13, 1998, Ms. Morse filed her first petition for order of protection, seeking to prohibit Mr. Gnehm from contacting her and their daughter, Bonnie Gnehm. Dkt. 26, Fobes Decl., Ex. C. On November 30, 1998, the court entered an order of protection ("1998 Order"). *Id.*, Fobes Decl., Ex. D. The 1998 Order prohibited Mr. Gnehm from contacting Ms. Morse or Bonnie or coming within 100 feet of Ms. Morse's place of employment or residence, or within 100 feet of Bonnie's school or daycare. *Id.*, Fobes Decl., Ex. D.) Ms. Morse renewed the 1998 Order in October 2000 and April 2001. *Id.*, Fobes Decl., Exs. E, G.)

Mr. Gnehm violated the 1998 Order in March 2001 (by sending correspondence to Ms. Morse) and in February 2001 (by calling Ms. Morse at her home). Dkt. 26, Fobes Decl., Ex. F. As a result, the Island County Sheriff cited Mr. Gnehm for violating RCW 26.50.110. Dkt. 26, Fobes Decl., Ex. F. Ms. Morse filed a new petition for order of protection in April 2002. *Id.*, Fobes Decl., Ex. H. On May 13, 2002, a county commissioner entered an order of protection ("2002 Order") containing the same terms as the 1998 Order. *Id.*, Fobes Decl., Ex. I. And on May 1, 2003, Judge Churchill renewed the 2002 Order and made it permanent. *Id.*, Fobes Decl., Ex. J.

1    A month later, on June 6, 2003, the Sheriff arrested Mr. Gnehm for violating the 2002

2    Order after Mr. Gnehm came within 100 feet of Ms. Morse's place of employment. Dkt. 26,

3    Fobes Decl., Ex. K. Because Mr. Gnehm had violated protective orders entered for Ms. Morse's

4    protection on at least two previous occasions, the Island County Prosecuting Attorney's Office

5    charged Mr. Gnehm with a felony under RCW 26.50.110. *Id.*, Fobes Decl., Ex. L. Mr. Gnehm,

6    who was represented by counsel, pleaded guilty. *Id.*, Fobes Decl., Ex. M.

7    Because there was a potential conflict of interest created by Ms. Morse's employment in

8    the Island County Prosecuting Attorney's Office, the Skagit County Prosecutor's Office handled

9    all plea negotiations, and Mr. Gnehm explicitly acknowledged that precaution by entering a

10   Limited Waiver of Objection Relating to Conflict. Dkt. 26, Fobes Decl., Ex. N. As part of his

11   plea agreement, Mr. Gnehm was sentenced to 24 months of community supervision and a jail

12   term of 365 days, with 355 days suspended for 24 months subject to a number of conditions. *Id.*,

13   Fobes Decl., Ex. O.

14   Four years later, on September 10, 2007, Mr. Gnehm again violated the 2002 Order by

15   coming to Ms. Morse's place of employment. Dkt. 26, Fobes Decl., Ex. P. Because Ms. Morse

16   still worked for the Island County Prosecuting Attorney's Office, the Skagit County Prosecuting

17   Attorney's Office again handled all plea negotiations with Mr. Gnehm. *Id.*, Fobes Decl., Exs. Q,

18   R. On December 18, 2007, Mr. Gnehm, represented by counsel, pleaded guilty to another felony

19   violation of RCW 26.50.110 and was sentenced to a jail term of 365 days, with 345 days

20   suspended for 24 months subject to a number of conditions. *Id.*, Fobes Decl., Exs. S, T.

21   On June 22, 2018, Mr. Gnehm filed his complaint against Defendants. Dkt. 4. In his

22   complaint, and the assorted documents he has filed with the Court, Mr. Gnehm claims that

23   Defendants wrongly denied him a public defender, subjected him to excessive bail and

punishment, and, generally speaking, denied him due process and equal protection of the law. *Id.*, p. 3. He alleges that these violations of his constitutional rights occurred in the context of three Island County Superior Court cases: Cause Nos. 97-3-00139-9, 03-1-00133-4, and 07-1-00217-1, (*id.*, p. 5). He alleges that Mr. Mason and Prosecutor Banks conspired to deny him a public defender in 2008. *Id.*, p. 4; p. 6. He also alleges that Judge Churchill should not have presided over his 1997 divorce because she had a conflict of interest because Ms. Morse worked in the Prosecuting Attorney's Office. Dkt. 5 (Redaction to Complaint), pp. 4–5.

Mr. Gnehm claims damages of $30,000, stemming from "huge financial loss [sic] retaining private counsel." Dkt. 4, p. 4.) Additionally, Mr. Gnehm asks this Court to make Defendants "stop all physical and physiological abuse." *Id.*

Mr. Gnehm does not allege that any of the conduct giving rise to his claims occurred after 2008. His divorce occurred in 1997. Dkt. 5, pp. 4–5. Judge Churchill entered the protective order preventing him from seeing his daughter in 2003. Dkt. 4-2, p. 1. Mr. Gnehm claims that he was wrongly prosecuted for violating protective orders in 2003 and 2007. Dkt. 4-2, p. 2. He claims that Mr. Mason and Prosecutor Banks wrongly denied him a public defender in 2008. Dkt. 4-2, p. 6.

**SUMMARY JUDGMENT**

The Court shall grant summary judgment if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (2010). In support of a motion for summary judgment, the moving party need not negate the opponent's claim, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); rather, the moving party will be entitled to judgment if the evidence is not sufficient for a jury to return a verdict in favor of the opponent, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). When the record taken as a

whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted. *See Beard v. Banks*, 548 U.S. 521, 529 (2006).

The moving party bears the burden of showing that there is no evidence which supports an element essential to the non-movant's claim. *Celotex*, 477 U.S. 322. In order to defeat a motion for summary judgment, the non-moving party must make more than conclusory allegations, speculations or argumentative assertions that material facts are in dispute. *Wallis v. JR Simplot Co.*, 26 F.3d 885, 890 (9th Cir. 1994).

**DISCUSSION**

Under 42 U.S.C. § 1983 "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law…." To prevail on a § 1983 claim, a plaintiff must show that some person acting under color of law deprived him or her of a federal constitutional or statutory right. *Monroe v. Pape*, 365 U.S. 167, 172–87 (1961); *Lutheran Day Care v. Snohomish County*, 119 Wn.2d 91, 117, 829 P.2d 746 (1992).

Mr. Gnehm's complaint is based on conduct which Defendants allegedly engaged in while acting in their capacities as elected officials and county officials, *i.e.*, under the color of law. For example, he alleges: Mr. Mason and Prosecutor Banks successfully conspired to deny him a public defender in 2008 (Dkt. 4, pp. 3–4; Dkt. 4-2, p. 6); Judge Churchill subjected him to excessive bail and punishment (Dkt. 4, p. 3); the 1998 Order and 2002 Order entered in his 1997 divorce are invalid because Judge Churchill had a disqualifying conflict of interest (Dkt. 5, pp. 4–5); and each Defendant used their power as a County official to deny him due process and

equal protection of the law (Dkt. 4, p. 3). Accordingly, Mr. Gnehm's claims are treated as claims under § 1983 claim. *See Monroe*, 365 U.S. at 172–87.

Section 1983 claims are subject to the forum state's "statute of limitations for personal injury torts." *Elliot v. City of Union City*, 25 F.3d 800, 802 (9th Cir. 1994). In Washington, personal injury tort claims must be brought within three years of accrual. RCW 4.16.080(2). As a result, § 1983 claims, like personal injury tort claims, must be brought within three years of accrual. *Boston v. Kitsap Cty.*, 852 F.3d 1182, 1185 (9th Cir. 2017) (applying RCW 4.16.080(2) to federal civil rights claims). A § 1983 claim accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *See Norco Construction, Inc. v. King County*, 801 F.2d 1143, 1145 (9th Cir.1986) (internal quotations and citations omitted).

All of Mr. Gnehm's § 1983 claims accrued by 2008 because he knew of all of the alleged conduct underlying his claims at the time the alleged conduct occurred and the last of that alleged conduct occurred in 2008. The last instance of wrongful conduct alleged by Mr. Gnehm was the alleged conspiracy between Mr. Mason and Prosecutor Banks, sometime in 2008, to deny Mr. Gnehm access to a public defender. Dkt. 4-2, p. 6. Therefore, Mr. Gnehm's claims had all accrued by 2008 because he should have known of his injuries by that time. *See Norco Construction*, 801 F.2d at 1145 Indeed, Mr. Gnehm actively participated in each of the civil and criminal matters in which he claims Defendants violated his constitutional rights and was represented by counsel during his 2003 and 2007 criminal prosecutions. *See* Dkt. 26, Fobes Decl., Exs. N, O, R, and S. Therefore, the three-year limitations period for those claims expired no later than 2011. *See Boston*, 852 F.3d at 1185. Nevertheless, Mr. Gnehm waited until 2018 to bring his claims. Dkt. 4.

## CONCLUSION

Based on the foregoing, the undersigned concludes that Plaintiff Peter Gnehm has known about all of the alleged conduct giving rise to his § 1983 claims against Defendants Judge Vickie Churchill, Prosecutor Greg Banks, and Don Mason since 2008. He had until 2011 to bring those claims, yet he waited until 2018 to do so. His claims are barred by Washington's three-year statute of limitations for § 1983 claims and there is no justification for Mr. Gnehm's failure to bring his claims within the limitations period. Accordingly, Defendants motion for summary judgment (Dkt. 25) is **GRANTED** and Plaintiff's claims against Defendants are **dismissed with prejudice**.

DATED this 25th day of February, 2019.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge